**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Jay Wilson, | No. CV-15-08125-PCT-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Robert J. Higgins, Brad Carlyon, Blaine Rhoton, | |
| Defendants. | |

Before the Court are Defendant Higgins's Motion to Dismiss (Doc. 8) and Defendants Carlyon and Rhoton's Motion to Dismiss (Doc. 10). The time to file responses has expired and no responses have been filed. Nevertheless, the Court considers the Motions on their merits and grants them to the extent stated in this order.

Plaintiff alleges *in propria persona* that he is a defendant in a criminal proceeding pending in the Superior Court of Navajo County, in which Defendant Higgins is the judge, Defendant Carlyon is the prosecuting County Attorney, and Defendant Rhoton is his Deputy. He sues all three because (1) the Judge denied, on the prosecutors' objection, his request to appear telephonically from Houston, Texas, where he needs a stem cell transplant, (2) the prosecutors sought and the Judge ordered Plaintiff's arrest, and (3) the prosecutors have failed to produce and have authorized the destruction of records needed for Plaintiff's defense.

The Complaint alleges some injuries to Plaintiff, but the Complaint does not seek

any damages from any defendant. If the Complaint did seek damages, it would be barred by the absolute judicial or prosecutorial immunity of each Defendant. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judicial); *Imbler v. Pachtman*, 424 U.S. 409, 423-24 (1976) (prosecutorial). The Complaint seeks only injunctive relief, so it is not barred by those immunities.

The Complaint seeks injunctive relief ordering the Judge to order that Plaintiff may travel to Houston and appear from there by telephone, quashing the arrest warrant, and ordering production of documents, or in the alternative dismissing all charges against Plaintiff. The Complaint and this action must be dismissed for overlapping reasons.

First, the relief sought is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, which bars federal courts from staying proceedings in a State court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* Second, principles of federal equity preclude federal courts from interfering in ongoing state criminal proceedings except in rare circumstances not present here. *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). All Plaintiff's contentions of federal right can be presented in and decided in the Superior Court. Rulings that are not immediately appealable may still be presented for interlocutory review in the discretion of the Arizona appellate court under Arizona's flexible remedy of special action for matters that cannot be effectively remedied upon review of a later appealable order. Rule 1(a), Arizona Rules of Procedure for Special Actions ("Relief previously obtained against a body, officer, or person by writs of certiorari, mandamus, or prohibition in the trial or appellate courts shall be obtained in an action under this Rule . . . ."); *see generally* 1 Arizona Appellate Handbook, ch. 7 (2015). This case is the paradigm for application of *Younger v. Harris*.

The limited jurisdictional bar against direct federal district court relief that by its terms overturns a final state court order does not fit here because none of the challenged superior court orders is final. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) ("*Rooker* and *Feldman* exhibit the limited circumstances in which

[the Supreme] Court's appellate jurisdiction over state-court judgments precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate . . . .") (citations omitted). Here, relief is not barred by jurisdictional limitations, as in the *Rooker/Feldman* doctrine, but by the clear boundaries of federal equity as in *Younger v. Harris*.

It is apparent that the failings in Plaintiff's Complaint cannot be cured by an amended pleading. Nor could Plaintiff plead a claim for money damages. Therefore, leave to amend would be futile.

IT IS THEREFORE ORDERED that Defendant Higgins's Motion to Dismiss (Doc. 8) and Defendants Carlyon and Rhoton's Motion to Dismiss (Doc. 10) are granted.

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action without prejudice to raising Plaintiff's assertions as claims or defenses in the state court proceedings.

The Clerk shall terminate this case.

Dated: October 1, 2015.

Neil V. Wake
United States District Judge